```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
M. GELLER, LTD.,                    :
                                    :
                    Plaintiff,      :
                                    :           No. 14 Civ. 5673 (JFK)
    -against-                       :
                                    :
                                    :           MEMORANDUM OPINION &
DANIEL SQUILLANTE AND KRISTINA      :                  ORDER
FINE JEWELRY, LTD.,                 :
                                    :
                    Defendants.     :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/06/2017

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff M. Geller Ltd.'s application for the Court to hold Defendant Daniel Squillante in contempt in light of Squillante's failure to make payment under the terms of a settlement agreement reached between the parties. For the reasons set forth below, the application is denied.

## Background

On November 9, 2015, after several failed attempts to resolve this case, the parties informed the Court that they had reached a settlement agreement requiring Squillante, then acting pro se, to deliver a certain sum of money (the "Settlement Amount") to the Plaintiff's attorney on November 16, 2015. Following several failed attempts to collect the Settlement Amount from Squillante, Plaintiff's counsel petitioned the Court to enforce the settlement agreement and require Squillante to pay. In response, the Court entered an order directing Squillante to follow through on the payment of the Settlement

Amount or, in the alternative, to show cause why such payment had not been made. (See Order dated Nov. 23, 2015, ECF No. 28.)

After no payment was made, Plaintiff's counsel moved by order to show cause to hold Squillante in contempt for failing to make payment.  Consistent with the Court's November 23, 2015 order, the Court directed Squillante to show cause why he failed to pay under the settlement agreement. (See Order to Show Cause dated Dec. 21, 2015, ECF No. 34.)  The Court also entered an order requesting appointment of pro bono counsel, noting that "involvement of counsel would aid in resolving the contempt application and would help the parties get back on track towards a resolution to this case." (See Order dated Dec. 21, 2015, ECF No. 35 at 4.)  Volunteer counsel then appeared on Squillante's behalf, and a hearing on the order to show cause was scheduled for March 17, 2016.

In advance of the hearing, Squillante submitted a sworn affidavit dated February 16, 2016, explaining that he had entered into the settlement agreement under a good faith belief that he would be able to obtain the Settlement Amount from third parties, but that he had not been able to do so. (See Aff. of Daniel Squillante, ECF No. 41.)  The affidavit explained that Squillante did not personally have the financial means to make payment under the settlement agreement. (Id. ¶ 6.)  In support, Squillante provided supporting documentation demonstrating that

2

he is indebted for approximately $375,000, including over $150,000 owed to the Internal Revenue Service. (Id. ¶¶ 8, 11, 14, Exs. A-E.)  Squillante also explained that he has monthly living expenses of approximately $6,000 and relies on social security of approximately $2,000 a month as his only source of income. (Id. ¶ 8, Exs. F-O.)

On March 17, 2016, the Court held a hearing on the order to show cause, which included testimony from Squillante.  At the conclusion of the hearing, the Court granted Plaintiff leave to supplement the record with a certified copy of a deed showing that Squillante jointly owns a residence in Plantation, Florida, which Plaintiff contended was contrary to Squillante's testimony at the hearing.  On April 18, 2016, the Court received the supplemental submission from Plaintiff's counsel, which included a certified copy of the deed.  The submission also included records reflecting tax payments on the property of $7,190.64 in 2014 and $6,358.41 in 2015.

On May 3, 2016, the Court received from Squillante a response to Plaintiff's supplemental submission.  Included in the response was a supplemental affidavit by Squillante explaining that, at the time of the March 17, 2016 hearing, he believed that the Florida property had been transferred to his wife's name, but that he now understands that that he is a joint owner of the property.  Squillante's response also included an

3

affidavit from Michael Milano, one of the third parties from whom Squillante previously indicated he believed he could obtain a loan to pay under the settlement agreement.  Milano's affidavit states that he has known Squillante for approximately ten years, and that in October 2015 he discussed with Squillante the possibility of lending Squillante money, but was ultimately unable to do so. (Aff. of Michael Milano ¶¶ 2-5.)

## Discussion

Plaintiff asks the Court to hold Squillante in contempt for failing to pay under the settlement agreement and for being untruthful with the Court regarding his intent to pay and inability to do so.  Federal law empowers the Court to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401.  The Court also has the inherent authority to hold parties in contempt for disobedience of its orders. S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010).  Specifically, "[a] party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina

4

Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (citations omitted).

Upon review, there is no basis for the Court to hold Squillante in contempt.  First, Squillante has complied with the Court's November 23, 2015 and December 21, 2015 orders by showing cause why he failed to make payment under the settlement agreement–namely, that he does not have the wherewithal to pay.  Squillante's affidavit and the documentation submitted in support demonstrate that he has substantial debts and that his monthly expenses significantly exceed his sole source of income, which is social security.  While Squillante jointly owns a home in Florida with his wife, the Court is convinced that he nonetheless lacks the resources to pay the Settlement Amount in light of his substantial financial obligations.  Second, Squillante has provided support for his claim that, when representing to opposing counsel that he intended to pay the Settlement Amount, he believed he would be able to obtain the funds from third parties.  Specifically, the affidavit of Michael Milano corroborates Squillante's testimony that he discussed obtaining a loan from Milano in order to make payment on the settlement.  As a result, the Court finds that Squillante has shown sufficient cause why he should not be held in contempt.

## Conclusion

For the reasons set forth above, Plaintiff's application for the Court to hold Squillante in contempt is DENIED.

As the Court noted at the contempt hearing, this case appears ripe for summary judgment. Accordingly, it is hereby

ORDERED that if Plaintiff's counsel intends to move for summary judgment, he must confer with opposing counsel and submit a proposed briefing schedule to the Court by no later than March 27, 2017.

IT IS FURTHER ORDERED that if Plaintiff's counsel intends to make any motion seeking to enforce rights or obligations arising under the settlement agreement, he must first electronically file a letter with the Court explaining the basis for the proposed motion, including the relief sought and the grounds for this Court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) (discussing the limits of federal subject matter jurisdiction on claims arising out of breach of a settlement agreement).

The Court thanks Ms. Gabrielle Yvonne Vazquez for her pro bono service in this case and respectfully requests that she continue her representation of Mr. Squillante.

**SO ORDERED.**

Dated:   New York, New York
         March 6, 2017

_John F. Keenan_
JOHN F. KEENAN
United States District Judge